

FILED
SUPERIOR COURT
OF GUAM

2014 NOV 19 PM 3: 07

CLERK OF COURT

# IN THE SUPERIOR COURT
# OF GUAM

ADRIAN L. CRISTOBAL, CONCEPCION F. CRISTOBAL, JORGE E.U. CRISTOBAL, BEATRIZ CRISTOBAL, E.C. LEON GUERRERO, ALBERTO C. LAMORENA III, trustee, and FE C. LAMORENA,

               Plaintiffs,

    vs.

JEFFREY SIEGEL, FRACIS L. GILL, and CORAL PIT, INC.,

               Defendants,

Civil Case No. CV0442-88

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motions for the Court to issue an order to show cause, amended order and for clarification were taken under advisement by the Court on September 11 and October 15, 2014 respectively. Defendants were represented by Attorney William C. Bischoff. Plaintiff was represented by Attorney Anthony R. Camacho. After having carefully received and reviewed the papers, arguments and the file herein, the Court hereby grants in part Defendant's requests; granting its motion to amend and denying its motion for order to show cause and motion for clarification.

## BACKGROUND

**I.**

This case arises out of a June 1, 1988 complaint for fraud damages and cancellation of instruments. Plaintiffs sought a declaration that a 1986 lease agreement between themselves and the Defendants was void. After many years of litigation, on or about January 16, 1996, the parties executed a Settlement Agreement to resolve the claims herein.

Pursuant to the Settlement Agreement, on March 14, 1996, the Court signed a Stipulation and Order for the Settlement and Compromise of Claims containing five numbered paragraphs: 1) incorporating by reference the parties' Settlement Agreement; 2) ordering the parties to perform their respective obligations pursuant to the terms and conditions of the settlement agreement; 3) dismissing the matter with prejudice; 4) retaining jurisdiction to enforce the terms and conditions of the Settlement Agreement; and 5) directing the entry of judgment. Attached to the order was a paper identified as Exhibit 1 and entitled, Settlement Agreement.

The parties subsequently engaged in a series of negotiations to perform their obligations under the Settlement Agreement; the negotiations ultimately collapsed. Defendant Bottomless Pit, LLC, the successor to Defendant Coral Pit Inc. (hereafter Defendant) thereafter filed a motion pursuant to Rule 70 of the Guam Rules of Civil Procedure requesting that the terms of the Settlement Agreement conveying an interest in property be enforced. On February 21, 2011, the Court granted Defendant's request. Nearly six months later, Plaintiffs Concepcion and Jorge Cristobal, pursuant to Rule 60(b) filed a motion to reconsider. Plaintiffs' request for reconsideration was denied on February 2, 2012. The decision was appealed and on December

3, 2012, the Guam Supreme Court reversed and remanded the Court's decision. *Cristobal v. Siegel*, 2012 Guam 16.

In its decision the higher court found that this Court had abused its discretion when it found that its March 14, 1996, Stipulation and Order was a judgment within the meaning of rule 70 of the Guam Rules of Civil Procedure. *Id.* at ¶ 12. Citing section 21101 of title 7 of the Guam Code and a California Supreme Court case interpreting section 21101's California counterpart, the Guam Supreme Court reasoned that because the Stipulation and Order did not directly contain the terms of the Settlement Agreement, it was not a final judgment within the meaning of rule 70. *Id.*

Accordingly this Court on July 30, 2013, rather than incorporating the terms of the settlement agreement by reference, amended its 1996 final judgment to directly include the terms of the parties' Settlement Agreement. Additionally, in an effort to comply with the Guam Supreme Court's instructions on remand, on the same day the Court entered a decision and order denying Defendant's rule 70 request and finding that it's 1996 stipulation and order did not fall within the parameters of that rule. Plaintiffs, the Estate of Jorge E.U. Cristobal, the Trustee for Alberto C. Lamorena III, and the Estate of Fe C. Lamorena, (hereafter Plaintiffs) appealed the Court's amended judgment and on July 7, 2014, the Guam Supreme Court reversed and vacated this Court's amended judgment. *Cristobal v. Siegel*, 2014 Guam 16 ¶ 33.

The Guam Supreme Court found that the Court had abused its discretion through its *sua sponte* amendment to its final judgment. *Id.* The higher court explained that the amended order fell outside the purview of any clerical amendments contemplated by rule 60(a), there being no evidence that this Court in 1996 intended to directly include the terms of the Settlement Agreement, and that the amended order failed to contain the other material parts of the 1996

Stipulation and Order. *Id.* at ¶ 21-22. The Guam Supreme Court also found that the amended order failed to fall within the permissive scope of rule 60(b); it did not provide a notice and an opportunity to be heard by the parties and it did not list any extraordinary circumstances justifications or reasons justifying relief from the operation of judgment. *Id.*

**II.**

**a)**

On July 23, 2014, Defendant filed a Motion for the Court to Issue an Order to Show Cause as to Why Plaintiffs Should not be Held in Contempt for Failure to Perform their Obligations Under Section Seven of the Settlement Agreement; and for the Court to Make Findings that will Render GRCP 70 Applicable. Mot. at 1. Citing to the Guam Supreme Court's 2012 decision Defendant emphasizes that the Court's 1996 order requiring the enforcement of the parties' settlement agreement was not invalidated and remains in effect. *Id.* at 2. Accordingly it first requests that the Court make two findings of fact to assist and support an order of enforcement: 1) the sale contemplated in section two of the Settlement Agreement did not take place; and 2) the Plaintiffs were paid the amounts due them under section four. *Id.* at 4-6.

In support of the first finding of fact Defendant cites to its attached declaration and Plaintiff's 2011 appellate brief admitting the same. *Id.* at 6. In support of the second finding of fact Defendant cites to Plaintiff Alberto C. Lamorena III's February 1999 declaration as well as Plaintiffs' February 25, 1999 motion paper and an August 6, 1999 letter memorializing a $200,000.00 payment to Cristobals' attorney. *Id.* Defendant argues that these findings are sufficient to support an order mandating, pursuant to the Settlement Agreement, that the Plaintiffs' show cause why they should not be held in contempt of section seven of the same.

*Id.* Alternatively Defendant also argues that these finding are sufficient to support a property conveyance under rule 70 of the Guam Rules of Civil Procedure. *Id.* at 13.

**b)**

Plaintiffs filed their opposition to Defendant's motions on August 20, 2014. Opp. at 1. Plaintiffs begin by reciting a version of the factual and procedural history of the case. *Id.* 2-10. They next argue that Defendant's motion is barred by the Court's July 30, 2013 decision denying a similar motion through the codified doctrine of *res judicata*. *Id.* at 10-11; 6 GCA § 4209 (2013). Plaintiffs also argue that neither Defendant nor its predecessor in interest have any standing to bring the motion. *Id.* at 11. Plaintiffs, reason that Defendant's standing expired when Defendant failed to renew the lease on January 1, 1992. *Id.* at 12. Additionally, Plaintiffs argue that the Court was unable to retain jurisdiction after the case was dismissed; the underlying claims arising from a separate action for breach of contract and any cause of action for breach of contract is time barred. *Id.* at 12-14.

As to Defendant's request that the Court enter a second amended final judgment, Plaintiffs argue that this request should be analyzed under the rules regulating requests for a new trial. *Id.* at 14. They accordingly assert that this request is similarly time barred and well outside of the respective ten day and one year limits. *Id.*

Addressing Defendant's request for an order to show cause Plaintiffs argue that there is no evidence of a valid order. *Id.* at 15. Alternatively they argue that Plaintiffs were not able to comply with the terms of the Settlement Agreement and therefore did not willfully fail to comply with its terms. *Id.* As to the validity of the order, Plaintiffs' assert that there is absolutely no order mandating the parties to comply with the terms of the order. *Id.* Citing to the Settlement Agreement Plaintiffs argue that the preconditions to their conveying title to

Defendant were: securing a buyer for a specific property, opening an escrow guaranteeing the payment of $2,000,000.00, providing them $400,000.00 in consideration for entering into the Settlement Agreement and providing them $300,000.00 in back rent for the lease. *Id.* Plaintiffs assert that Defendant has not performed these preconditions and argue that accordingly they have no duty to act under the Settlement Agreement. *Id.*

**c)**

Defendant filed its reply on August 29, 2014. Reply at 1. In it Defendant begins by citing the Guam Supreme Court's July 7, 2014 finding herein, that the Court's March 14, 1996 final judgment is a judgment. *Id.* at 1, citing, *Cristobal v. Siegel*, 2014 Guam 16 ¶ 14. Defendant argues that this finding meets the majority of Plaintiffs' arguments in opposition. *Id.* at 2. As to Plaintiffs' *res judicata* argument Defendant asserts Plaintiffs have failed to properly support it and it should therefore be rejected under the precedent established by *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. *Id.* Alternatively it argues that the doctrine does not apply to a court's decisions and orders, only its final judgments, specifically when a court's decisions do not reach the merits. *Id.*

As to the Plaintiffs' standing arguments Defendant argues and asserts that these issues were part of the Plaintiff's 1996 original claims and that they were mooted by the parties' Settlement Agreement. *Id.* at 3. Regarding the jurisdictional argument the Defendant asserts and reasons that settlement agreements are routinely incorporated into judgments and cites two Guam Supreme Court cases, as well as the instant, where the higher court recognized these judgments without invalidating them. *Id.* at 4.

Defendant summarily rejects Plaintiffs' characterization of his requests as requests for a new trial or judgment, as well as their argument that there is no valid order upon which

Plaintiffs might be in contempt. *Id.* at 5. Lastly Defendant argues that Plaintiffs' arguments of inability to comply mix the obligations required of the parties in section two, three, and four of the Settlement Agreement with those of an independent section seven. *Id.* at 6-7.

**III.**

**a)**

On September 3, 2014, Defendant filed a motion for clarification of the number of defendants. Mot. at 1. In its motion it asserts it is the only entity that has rights to the real property in question. *Id.* at 2. Defendant request that the Court accordingly find that it is the one Defendant or Counterclaimant in the ongoing enforcement of Settlement Agreement proceedings.

b)

Plaintiffs filed their opposition to Defendants request on October 1, 2014. Opp. at 1. After citing a version of the history of events herein, Plaintiffs assert that Defendant has failed to cite to or analyze any authority authorizing the relief requested. *Id.* at 1-7. Specifically the Plaintiffs' cite to a 2008 Guam Supreme Court case where the higher court reversed the Superior Court's granting of a motion to clarify. *Id.* citing *Hart v. Hart*, 2008 Guam 11 ¶¶ 8-14. Plaintiff argues that in addition to finding that Guam's declaratory relief statute governed, the Guam Supreme Court observed that an appellant had failed to cite any rule allowing the Superior Court to enter an order of clarification. *Id.* It further argues that the Court, having entered a final judgment, retains the limited jurisdiction to enforce the settlement agreement and that granting Defendant's request would exceed the Court's limited jurisdiction. *Id.* at 7.

Citing a 1995 case from the U.S. Federal District Court in Florida, Plaintiffs argue that rule 25 of the Guam Rules of Civil Procedure, governs the substitution of parties and is limited

to transfers of interest that take place during the pendency of an action. *Id.* at 8. Lastly Plaintiffs argue that Defendants have no transferable interest to convey, the terms of the Settlement Agreement having expired on May 7, 1997.

**c)**

Defendant filed its reply on October 9, 2014. Reply at 1. In it Defendant argues that it would make better sense to clarify this issue now. *Id.* Acknowledging the Guam Supreme Court's 2008 decision in *Hart*, the Defendant asserts that this matter is factually distinguishable and further reasons that there is no rule against a court providing clarity. *Id.* at 2.

Defendant further argues that it is not its intention to request substitution, rather to clarify by order that the other named Defendants never had an interest in the land at issue in their personal capacities, and as shareholders of Defendant Coral Pit, any further interest was made meaningless in Coral Pit's transfer of all its interests herein to Defendant. *Id.* at 3-4. In support of this argument Defendant asserts that this motion was served upon Defendant Gill's legal counsel. *Id.* at 4. Lastly, as to Plaintiffs' argument that there was no interest to transfer, Defendant asserts that this argument was raised in Plaintiff's opposition to its motion for order to show cause and refers, by reference to its arguments in reply to that motion.

## DISCUSSION

### I. Amended Final Judgment

On March 14, 1996, this Court, signed and entered two papers in this matter, a Stipulation and Order and a Final Judgment. *Cristobal v. Siegel*, CV0442-88, *Final Judgment*, at 1 (Super. Ct. Guam March 24, 1996); *Cristobal v. Siegel*, CV0442-88, *Stipulation and Order*, at 1 (Super. Ct. Guam March 24, 1996). Both papers dismissed the parties' claims and defenses with prejudice. *Id.* Additionally, pursuant to the Court's ancillary and inherent

authority to enforce its orders an to fulfill its inherent functions, the Court retained jurisdiction over the settlement agreement for the express purpose of enforcing its terms.[1] *Id.*; *Kokkonen v. Guardian Life Ins. Co. of Americai*, 511 U.S. 375, 380 (1994)(a court may retain ancillary jurisdiction for two separate purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees), citing, *Julian v. Central Trust Co.*, 193 U.S. 93, 112 (1904)(In cases, where the Federal court acts in aid of its own jurisdiction and to render its decree effectual, it may, notwithstanding, restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction).

Here both of these papers were prepared by the attorney for Defendants and as noted above, signed by the Court together and on the same day. *Cristobal*, CV0442-88, *Final Judgment*, at 1; *Cristobal*, CV0442-88, *Stipulation and Order*, at 1. It is clear from the plain language of the papers that the terms of the parties' Settlement agreement were a specific and integral part of this Court's order and final judgment; its intention was to provide a mandatory medium for those terms to be enforced. *Id.* It is as clear that the incorporation of these terms and the Court's judicial oversight of them were a material part of the consideration for the parties' agreement to sign the Settlement Agreement and submit it to the Court. *Id.* The unintentional omission of these terms from the Final Judgment clearly arose out of misplaced,

---

[1] In making this finding and conclusion the Court addresses Plaintiffs' arguments of Defendant's lack of standing and the Court's lack of jurisdiction. Opp. to OSC at 11-14. As to Plaintiffs' argument that the matter is time barred the Court is not persuaded that it should treat Defendant's request as a motion for new trial. Rather the Defendant has allowed for the notice requirements discussed by the Guam Supreme Court in *Cristobal v. Siegel*, 2014 Guam 16 ¶ 19, to be met and the Court's review of Defendant's request shall likewise be considered under the rules discussed in that opinion. *Cristobal v. Siegel*, 2014 Guam 16.

brevity and a desire to avoid unnecessary redundancy --- the Settlement Agreement's terms having already been stipulated, included by reference, attached and mandated in the Court's Stipulation and Order and the Stipulation cited in the Court's Final Judgment.[2] *Id.*

As recently explained by the Guam Supreme Court herein, Rule 60(a) allows for clerical errors to be amended at any time. *Siegel*, 2014 Guam 16 ¶¶ 20-22. The 2014 *Seigel* Court explained that rule 60(a) allows for the correction of errors in execution as opposed to instances where the court, after re-consideration, has changed its mind. *Id.* at ¶ 21. Under this standard the Court finds that the omission of the terms of the Settlement Agreement and a specific order requiring the parties to comply was clerical. *Id.*

Additionally and alternatively the Court finds that under the standard explained by the *Siegel* Court, as to Rule 60(b)(6), omitting the terms of the Settlement Agreement from the

---

[2] The Court's Stipulation and Order in part provides ,

> The above-captioned parties, through counsel, hereby stipulate as follows:
> 1. The parties have reached a settlement agreement of their disputes in this action and have memorialized their agreement in that certain Settlement Agreement attached hereto as Exhibit 1 and incorporated herein by reference.
> 2. The Court hereby orders the parties to perform their respective obligations pursuant to and under the terms and conditions of the Settlement Agreement.
> . . . .
> 4. The Court shall retain jurisdiction over the Settlement Agreement to enforce the terms and conditions thereof.
> 5. Let Judgment enter accordingly.

*Cristobal v. Siegel*, CV0442-88, Stipulation and Order, at 1 (Super. Ct. Guam March 24, 1996). Referring to the same settlement agreement the Court's final judgment in part provides,

> 2. This Court shall retain jurisdiction over the Settlement Agreement to enforce the terms and conditions thereof.

*Cristobal v. Siegel*, CV0442-88, Final Judgment, at 1 (Super. Ct. Guam March 24, 1996)

Court's final order would be inequitable. *Id.* at ¶¶ 29-31. It is clear from the Court's review of the record, the terms of the Settlement Agreement and the parties' prepared and stipulated papers, that the Court's continued enforcement of the same was a material consideration upon which the parties relied. Additionally and of salient note is the Defendant's assertions of post March 14, 1996 actions in reliance upon these very terms.[3] Mot. for OSC at 6. Defendant asserts and Plaintiffs do not dispute the offer and receipt of monies directed at complying with the contingent and alternative terms of section seven of the Settlement Agreement. Inherent to this Court's jurisdiction herein, is its power to protect its proceeding and vindicate its authority. *Kokkonen*, 511 U.S. 375 at 380. Disallowing amendment here may likely significantly prejudice the Defendant and diminish the authority of the Court. *Id.*

## II. Order to Show Cause

In Guam the precluding effect of a final order is well established by statute and case law through the doctrines of *res judicata* and law of the case. 6 GCA § 4209; *In The Matter Of Aguon*, 2013 Guam 4 ¶ 23 (The doctrine of *res judicata* is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts); *Guam v. Rios*, 2011 Guam 6 ¶¶ 21, 33 (Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case). While the doctrines of *res judicata* and the law of the case, vary in scope and application, once applicable departure from these doctrines is prohibited in the first instance and strictly limited in the second, to a court's "clear conviction

---

[3] As set forth above, Defendant asserts that: 1) the Plaintiffs were paid the amounts due them under section four and 2) the sale contemplated in section two of the Settlement Agreement did not take place. *Id.* at 4-6.

of error with respect to a point of law." *Id.* Reviewing the above standards and in consideration that the orders in question and the issues raised fall within the scope of the same case, the Court finds the doctrine of the law of case to be applicable here. *Id.*

The question of whether an order to show cause should issue in this matter was decided by this Court on July 30 of this past year. *Cristobal v. Siegel*, CV0442-88, Decision and Order (Super. Ct. Guam July 30, 2013). In that decision the Court interpreting its reversal and remand in *Cristobal v. Siegel*, 2012 Guam 16, found that because its stipulation and order did not contain the specific terms of the settlement agreement it could not initiate contempt proceedings. *Id.* at 4. However upon review the Court finds that its decision was, for the potentially prejudicial reasons described above, critically over broad. *Rios*, 2011 Guam 6 ¶ 33; Guam R. Civ. P. 60(b). While the Guam Supreme Court in *Siegel*, found that the Court's stipulation and order was not a judgment as described in rule 70 of the Guam Rules of Civil procedure, it did not find that it was invalid or its incorporation of the terms of the settlement agreement into its order by reference, improper. *Cristobal v. Siegel*, 2012 Guam 16; *Cristobal v. Siegel*, 2014 Guam 16 ¶ 14. Accordingly the Court finds it is now able to consider Defendant's motion. *Id.*

Section 34101 of title 7 of the Guam Code regulates a Court's contempt powers and its issuance of orders to show cause. In 2003 the Guam Supreme Court, reviewing a trial Court's findings in a domestic case explained that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. While this issue has yet to specifically addressed by the Guam Supreme Court the U.S. Federal Circuit Federal Courts have consistently held that "[a] party seeking civil contempt bears the initial burden of proving,

by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

Under the above standard a movant bears the burden of first clearly outlining the terms which were ordered. *Id.* After reviewing the Defendant's motion the Court is unable to find it has met this first step. It is clear to the Court that in its March 14, 1996 Order, the Court ordered the parties to perform their respective obligations under the terms of the settlement agreement. However absent from Defendant's papers is any organized outline of those obligations, mandatory and contingent, that either Party either met or failed to meet. Mot. 1-14; Reply 1-8. Absent this the Court is unable to begin any consideration of whether there is clear and convincing evidence that either party failed to comply with their mandated obligations. *In re Estate of Concepcion*, 2003 Guam 12 (A party's failure to assert the grounds for its request may warrant denial).

### III. Motion for Clarification

In 2008 the Guam Supreme Court reversed a Guam Superior Court's decision to clarify a distribution of property issue in a final decree of divorce. *Hart v. Hart*, 2008 Guam 11 ¶¶ 8-15. In its opinion the Court cited to the mandates of section 26801 title 7 of the Guam code and ordered that the declaratory judgment statute was the appropriate method for regulating relief and granting jurisdiction. *Id.*

In this case Defendant requests that the Court declare that its other named Defendants never had an interest in the land at issue in their personal capacities, and that, as shareholders of Defendant Coral Pit LLC, any further interest was made meaningless when Coral Pit LLC transferred all interests to Defendant. Reply for Clarification. at 3-4. Reviewing this request under the standards established by *Hart*, the Court finds it necessitates a request for declaratory

relief. *Hart*, 2008 Guam 11 ¶¶ 8-15. Absent this it is unable to consider Defendant's request.

## CONCLUSION

Based on the foregoing, the Court grants in part Defendant's requests. Defendant's motion to amend final judgment is hereby, granted. Accordingly an amended final judgment shall enter *nunc pro tunc*, as of March 14, 1996. It shall include the following terms: a recital of the terms of the Settlement Agreement, ordering the parties to comply with their respective obligations; dismissing this action with prejudice; and retaining jurisdiction over the Settlement Agreement to enforce its terms and conditions. Defendant's requests for an order to show cause and request of clarification is denied.

SO ORDERED, this 19 day of November 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: Time:

Deputy Clerk, Superior Court of Guam